FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 16   A 11: 07

CLERK'S OFFICE

**United States District Court**
**District of Maryland**

Michael Allan McNeil

    Appellant

v.                                                    Case No. 1:12-cv-03819-WDQ

Stephen A. Drazin, Esquire

    Appellee

ENTERED
RECEIVED
FILED
LODGED

JAN 30 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND   DEPUTY

BY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPENING BRIEF OF THE APPELLANT**

RECEIVED
2013 JAN 22  AM 10: 23
FOURTH CIRCUIT

# Table of Contents

TABLE OF AUTHORITIES ...................................................................................................ii

A.  Statement Of The Basis Of Appellate Jurisdiction...........................................................1

B.  Statement of the issues presented....................................................................................1

C.  Standard of Review..........................................................................................................2

D.  Statement of the case.......................................................................................................3

    1.  The Nature of The Case...............................................................................................3

    2.  Statement of Facts Relevant to the Issues Presented ..................................................4

E.  Summary of Argument......................................................................................................5

F.  Argument..........................................................................................................................7

    Issue #1  Did the Court error when failed to sustain the Appellant's Objection to  Steven Drazin Esquire Claims?...............................................................................................................7

    Issue #2 Did the court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation giving it priority status? .......................................10

    Issue #3 Did the Court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation without an Adversary Proceeding?...........................................12

G.  Conclusion......................................................................................................................14

CERTIFICATE OF SERVICE..............................................................................................17

i

## *TABLE OF AUTHORITIES*

## CASES

|  | Pages |
|---|---|
| Byrd v. Hoffman, 417 B.R. 320 (D.Md.2008) | 1 |
| Cannon v. University of Chicago, 441 U.S. 677, 697-98 (1979) | 11 |
| Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989) | 13 |
| Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995) | 13 |
| First Mariner Bank v. Johnson, 411 B.R. 221 (D.Md. 2009) | 1 |
| Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012) | 13 |
| Hudson v. Raggio & Raggio, Inc. (Inre Hudson), 107 F.3d 355, 357 (5th Cir. 1997) | 11 |
| In re Bryson Properties, XVIII, 961 F.2d 496, 26 Collier Bankr.Cas.2d 1290, 22 Bankr.Ct.Dec. 1391, Bankr. L. Rep. P 74,545 (C.A.4, N.C., 1992) | 2 |
| In re Hutson, 173 F.3d 424 (Table), 1999 WL 95510 (C.A.4, S.C., 11 Fourth Cir. & D.C. Bankr. (152 C.A.4 1999) | 1 |
| In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008) | 14 |
| Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir. 1992) | 11 |
| Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky), 897 F.2d 743 (C.A.4 1990) | 14 |
| U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) | 11 |

## Acts of Congress

| | |
|---|---|
| Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 | 6, 10, 14, 15 |

## Statues & Rules

11 U.S.C § 101(14A)                                            6, 10, 11, 15

11 U.S.C § 507(a)                                              3

11 U.S.C § 523(a)(5)(A)                                        10

28 U.S.C. § 158(a)                                            1

Federal Rules of Bankruptcy Procedure, Rule 7001              9, 12, 13, 14

MD Rule 2-604                                                 3, 7

## A. Statement Of The Basis Of Appellate Jurisdiction

Appellant Michael A. McNeil appeals the Orders of U.S. Bankruptcy Judge David E. Rice's ORDER SUSTAINING IN PART AND DENYING IN PART OBJECTION TO CLAIM NUMBER 5 OF STEPHEN A. DRAZIN, ESQ entered on November 15, 2012 (ECF 160/Appendix A.61) pursuant to 28 U.S.C. § 158(a):

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1)   from final judgments, orders, and decrees;

## B. Statement of the issues presented

**Issue #1:**  Did the Court error when failed to sustain the Appellant's Objection to  Steven Drazin Esquire Claims?

**Issue #2:**  Did the court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation giving it priority status?

**Issue #3:**  Did the Court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation without an Adversary Proceeding?

1

## C.  Standard of Review

As set out in the cases below, the District Courts reviews the Bankruptcy

Court's conclusions of law de novo and its findings of fact for clear error.

### First Mariner Bank v. Johnson, 411 B.R. 221 (D.Md. 2009):

> When a district court reviews a bankruptcy court's final order, the
> district court acts as an appellate court. Accordingly, legal
> conclusions are reviewed de novo, whereas findings of fact may be
> set aside only if clearly erroneous. See Banks v. Sallie Mae Serv.
> Corp., 299 F.3d 296, 300 (4th Cir.2002); Johnson, 226 B.R. at 365; Fed.
> R. Bankr.P. 8013.

### Byrd v. Hoffman, 417 B.R. 320 (D.Md.2008):

> This Court reviews the legal conclusions of the Bankruptcy Court de
> novo, but reviews its factual determinations for clear error. Butler v.
> Shaw, 72 F.3d 437, 441 (4th Cir.1996); Three Flint Hill Ltd. Pshp. v.
> Prudential Ins. Co. (In re Three Flint Hill Ltd. Pshp.), 213 B.R. 292, 297
> (D.Md.1997). On legal issues, this Court "must make an independent
> determination of the applicable law." In re Jeffrey Bigelow Design
> Group, Inc., 127 B.R. 580, 582 (D.Md.1991), aff'd, 956 F.2d 479 (4th
> Cir.1992). Moreover, a finding of fact is clearly erroneous "only when
> the reviewing court is left with the definite and firm conviction that a
> mistake has been committed." In re Broyles, 55 F.3d 980, 983 (4th
> Cir.1995) (internal quotations omitted). Finally, the Bankruptcy
> Court's application of law to the facts is to be reviewed for abuse of
> discretion. In re Robbins, 964 F.2d 342, 345 (4th Cir.1992) (decision to
> lift automatic stay).

The Fourth Circuit follows this consistent standard of review:

### In re Hutson, 173 F.3d 424 (Table), 1999 WL 95510 (C.A.4, S.C., 11 Fourth Cir. & D.C. Bankr. (152 C.A.4 1999):

> . . .we review the bankruptcy court's conclusions of law de novo
> and its findings of fact for clear error.

**In re Bryson Properties, XVIII, 961 F.2d 496, 26 Collier Bankr.Cas.2d 1290, 22 Bankr.Ct.Dec. 1391, Bankr. L. Rep. P 74,545 (C.A.4, N.C., 1992):**

> The district court's decision is reviewed de novo. In re Camino Real Landscape Maintenance Contractors, 818 F.2d 1503, 1505 (9th Cir.1987). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard (Fed.R.Bankr.P. 8013; Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir.1985)); its conclusions of law are reviewed de novo. Quinn Wholesale, Inc. v. Northern, 100 B.R. 271, 273, (M.D.N.C.1988), aff'd, 873 F.2d 77 (4th Cir.), cert. denied, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989).

## D. Statement of the case.

### 1. *The Nature of The Case*

On September 11, 2012, Stephen A. Drazin, Appellee files his Proof of Claim 5-1 (Appendix A.24). The Appellee on his claim form indicates that it is a priority claim under section 507(a)(1)(A) or (B) of the Bankruptcy Code (paragraph 5 of the claim form), and that he is also owed interest (paragraph 1 and 2 of the claim form). Interesting enough he does not claim that his claim is a secure claim. (paragraph 4 of the claim form) It also should be noted that the Appellant on his Schedule E did not list the Appellee as a priority Domestic Support Order Claim or as a Secure Claim. (ECF 31 page 5/Appendix A.22, ECF 18 page 12/Appendix A.12)

On September 24, 2012 the Appellant files an Objection to Proof of Claim for Claim 5-1 (ECF 80/Appendix A.54). In the Appellant's objection, the Appellant issue was do to the fact that Appellee was not entitled to interest in that MD Rule 2-604 requires an entry of a judicial lien before a judgment creditor can be entitled to interest. Which the Appellee claim did not state that there was any kind of lien against the Appellant's property. Therefore, the claim for

3

interest was fraudulent.

Additionally, the Appellant did not bring up the matter of Domestic Support Obligation

in his objection, believing that priority and or extent of lien must be determined in a Adversary

Proceeding in accordance with the Bankruptcy Code. The Appellee brought out the issue of

Domestic Support Obligation in his response. On November 7, 2012 a hearing was heard and

the Bankruptcy Court sustain the Appellant's Objection in part and denied it in part and stated

the following in its written order: (ECF 160/Appendix A.61)

> ORDERED, that Objection to Claim No. 5 is SUSTAINED IN PART as to any amount
> representing interest on the fees awarded on December 27, 2010 prior to such award
> becoming a secured debt of the debtor on April 24, 2012, or to interest on any later fees
> awarded that were not the subject of a recorded judgment; and it is further,

> ORDERED, that the Objection to Claim No. 5 is DENIED IN PART and Claim No. 5 is
> ALLOWED, after reduction for the proper interest calculation, as a domestic support
> obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1) in the debtor's
> Chapter 13 plan;

### 2. Statement of Facts Relevant to the Issues Presented

No where in the Appellee's claim does he claim to be a spouse if the Appellant, former

spouse of the Appellant, or a such child's parent, legal guardian, or responsible relative; or a

government unit.

The Appellee's claim is for attorney fee's ordered by the Howard County Circuit Court

(Appendix A.24).

The Appellee's claim gave no indications as to a secure lien on the Appellant's property.

The Appellee in his response to the Appellant's objections informs the Court that his

4

attorney's fees also includes attorney's fees to assist the Appellant's spouse in other tort cases

which are not domestic cases (ECF 125 page 2/Appendix A.59):

> Additionally, the Debtor has filed several related cases including: a) tort case
> culminating in a jury trial against Ms. McNeil in Anne Arundel Circuit Court for
> Maryland (Case No.: 02-C-10-157476) (Judgment granted in favor of Ms.
> McNeil. The Debtor has filed an appeal to the Court of Special Appeals); and b)
> a case against Drazin, V. Peter Markuski (the BIA) and various Circuit Court
> personnel in a Federal Case wherein he alleged a conspiracy to deprive him of his
> constitutional rights (case dismissed).

The Appellant did not list the Appellee as holding a priority claim or a lien on his

schedules. (ECF 31 page /Appendix A.22)

The Bankruptcy Court made ruling as to the priority of the Appellee's claims and the

extend of his liens if any outside of an Adversary Proceeding.  (ECF 160/Appendix A.61)

## E.  Summary of Argument

*Issue #1  Did the Court error when failed to sustain the Appellant's Objection to  Steven*

*Drazin Esquire Claims?*

As to the first issue, the Appellant's Objection to Claim was bases off the fact that it was

not entitled to interest and that it was fraudulent, since in Maryland, only judgments with

judicial liens are entitled to interest.   To this end, the Appellant was able to demonstrate to the

court that the claim was filed fraudulently in that even if the Appellee properly filed a secure

claim that the whole claim was not secured and therefore not entitled to interest.  Also as the

Appellant had filed on his scheduled that the claim was not a priority claim and it was not

determined to be so within an Adversary Proceeding, the court should at that time denied the

Appellee's claim or ordered that an Adversary Proceeding on the matter, or order the Appellee

to simply amend his claim.  However, the court went further and made a determination that part of the claim was a secure claim and that it was a priority claim of which neither of these matters was properly before the court in that it was not part of the Appellant's objection with the additional fact that these matters can only be determined in an Adversary Proceeding.

*Issue #2 Did the court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation giving it priority status?*

As to the second issue, the Appellant simply contends that when Congress modify the Bankruptcy Code in 2005 by adding to the code subsection 101(14A) defining a Domestic Support Obligation,  whereas prior to 2005 the definition of what a Domestic Support Obligation was defined solely by the Judiciary.  And now that since Congress has defined what a Domestic Support Obligation is, it is now clear that Congress has rejected the Judiciary definition of a Domestic Support Obligation which was quite broad to include attorney fees in favor of a more limited definition so that only a debtor's spouse, former spouse or children receive protection from having monies owed to them that are in that nature of support from being discharged.  Clearly Congress intent is to protect a debtor's family only and not attorneys or anyone else outside of a debtor's family.


*Issue #3 Did the Court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation without an Adversary Proceeding?*

As to the second issue, the Appellant believes that the Bankruptcy Code is clear that in order to determine priority, extend of a lien, and/or dischargeability of a claim, that an Adversary Proceeding is required, and that the court prematurely ruled that the

6

Appellee's claims was a Domestic Support Obligation giving it priory status, even though the Appellant in his objection to the claim did not bring up the issue of priority, due to his understanding that priority can only be determined within an Adversary Proceeding.

## F. Argument

*Issue #1  Did the Court error when failed to sustain the Appellant's Objection to  Steven Drazin Esquire Claims?*

The Appellant in his Objection To Claim (ECF 80/Appendix A.54) clearing only objected on the following grounds:

- That the Appellee's Claim was not a secure claim based on the face of the Appellee's claim and therefore not entitled to interest. (Meaning the Appellee did not even state it was a secure claim, and in Maryland a judicial lien is required for interest to be part of a judgment.  See paragraph 4 Claim 5-1/Appendix A.24)

- That the Appellee's Claim documents did not give evidence that a entry for judgment was entered in accordance with MD Rule 2-604 and therefor there can be no interest. (ECF 80/Appendix A.54)

- That the Appellee's Claim did not show where the Appellant had made payments against the monies owed. (ECF 80/Appendix A.54)

- That the Appellee's Claim was fraudulent, since it claimed interest whereas he had nothing in the claim showing that he was entitled to interest. (ECF 80/Appendix A.54)

7

The Appellee in his response to the Appellant's objection then informed the court that only the award for attorney's fees was reduced to a judgment on April 24, 2012 (ECF 125 page 2/Appendix A.59), which in fact meant that all the Appellant's allegation were true and admitted to by the Appellant, whereas at that time all the court had to do was to sustain the Appellant's objection and reject the claim and or permit the Appellee to amend his claim.

However, since the Appellee in his response to the Appellant's objection brought out the issue of priority in his response, the court then "sua sponte" ruled that the Appellee's claim was a priority domestic support obligation. (ECF 160 page 2/Appendix A.62)

> ORDERED, that the Objection to Claim No. 5 is DENIED IN PART and Claim No. 5 is ALLOWED, after reduction for the proper interest calculation, as a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1) in the debtor's Chapter 13 plan; and it is further,

Interesting enough, after it was found out in the hearing on November 7, 2012 that there existed a lien that was placed on the Appellant's property on April 24, 2012, the Appellant made mentioned that it should be avoided since it was within the 90 day of the Appellant's bankruptcy petition. However the court rightly informed the Appellant that the matter of lien avoidance was not rightly before the court which the Appellant agree with, in as much that the matter of priority was not rightly before the court. (ECF 213 page 47/Appendix A.111)

> **MR. McNEIL:** Your Honor, Ms. Jacobson showed me the documents she had and you know, it looks like there was a secured claim for the $36,788 that was due at the 12/27/10 judgment of absolute divorce -- I mean on the April 24, 2012. I have -- with that said, I believe that the claimant needs to re-adjust their interest to reflect interest beginning on April 24, 2012. Also I fully intend to file a motion to void. This means that it falls within the 90 day window of the --- bankruptcy. So I think in the end the interest will be canceled out and it won't be a secured claim --

8

**THE COURT:** That may be, but it is not before the Court today.

With the above said, do to the facts that the matter of priority was not rightly

before the court in the same way that matter of lien avoidance was not rightly

before the court, the bankruptcy court should have not made a ruling concerning

priority and should have sustain the Appellant's objection to claim. After all,

Rule 7001 requires an Adversary Proceeding[1] to determine extend of a lien and or

priority of a claim which the hearing that was being conducted was not an

---

1 Rule 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1](a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

Adversary Proceeding which required a different due process procedures.  Here,

the  bankruptcy court should have simply sustain the Appellant's objection and

perhaps give the Appellee leave to amend.  At worst, the bankruptcy court should

have been only able to overrule the Appellant's objection and made no

determination as to the priority of claim.

***Issue #2** Did the court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation giving it priority status?*

In 2005,  the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

("BAPCPA") was signed into law where as Congress now defines what is a Domestic

Support Obligation[2] in section 101(14A) of the Bankruptcy Code.  Unfortunately, as of

this date, the Appellant is unaware of finding any Appellant decision post BAPCA

---

2 Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian,
    or responsible relative; or
    (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

concerning Domestic Support Obligations which take into consideration that Congress changed the Bankruptcy Code limiting the definition to only protect a debtors family from having monies owed to it from being discharged and not monies owed solely to attorneys.

With the above stated, it is well known that various circuits have consistently ruled pre-BAPCPA giving a broad reading to section 523(a)(5)(A). See Hudson v. Raggio & Raggio, Inc. (Inre Hudson), 107 F.3d 355, 357 (5th Cir. 1997).

However, the courts should assume that Congress knows and take into account the state of the law when it amends a statute. Cannon v. University of Chicago, 441 U.S. 677, 697-98 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law . . . ."); Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir. 1992) ("We assume that Congress is aware of existing law when it passes legislation.").

Therefore, it is clear that Congress in passing BAPCA rejected the various circuits' definition of what is a Domestic Support Obligation and the Bankruptcy Court should have concluded that it must apply the limited, but unambiguous, language of section 101(14A)(A) in determining whether the claim filed by the Appellee is a priority claim. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989)  If the Bankruptcy Court applied the correct definition of a Domestic Support Obligation instead of relying on the pre-BAPCA judicial definition it would have to deny the Appellee claims as a priority domestic support obligations.

Additionally, as stated in Issue #1, the matter of priority was not part of the

11

Appellant's objection, and therefore the court should not have ruled on it outside of an

Adversary Proceeding and should not have been ruled upone.

**Issue #3** *Did the Court error when it determined that Stephen Drazin Esquire's Claim was a Domestic Support Order/Obligation without an Adversary Proceeding?*

Rule 7001 defines what is an Adversary Proceeding[3].  The Bankruptcy Court

made several rulings on November 7, 2012 in an Objection Hearing/Non Adversary

Proceeding which determined the priority and the extend of the Appellee's first claim

(ECF 80/Appendix A.54)

---

3 Rule 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

12

Additionally, per the Appellant's Schedule E (ECF 31 page 5/Appendix A22) and other schedules, the Bankruptcy Court knew that the Appellant was or was going to contest the Appellee's claims that he had a secure lien and/or priority claim.  In any event, the Bankruptcy Court prematurely ruled upon this matter and its orders should be vacated with instruction of the aforementioned matters to be heard properly in an Adversary Proceeding in accordance with Rule 7001.

To this end, to answer any argument that Appellee might have as to whether or not an adversary proceeding occurred by him filing a claim and the Appellant filing his objection, the Appellant cites Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989) and states that a objection to a claim does not constitute an adversary proceeding:

> The filing of a proof of claim and the debtor's objection thereto do not constitute an adversary proceeding,  and therefore this avenue for invoking Rule 23 was not available to the appellants.  Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)

The Appellant also offers the following citations differ to that of a contested matter Cen-Pen Corp. v. Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995)

> Here the Hansons did not take a sufficient "affirmative step" to avoid Cen-Pen's liens. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," with one exception not applicable here. The procedural requirements of such an action, which include, inter alia, the filing of a complaint and service of a summons, are set out in the Bankruptcy Rules. Bankruptcy Rule 7004, for instance, governs the procedures for service of process in adversary proceedings. See In re Linkous, 990 F.2d 160, 162 (4th Cir.1993) (adequate notice to affected secured creditor is prerequisite to according preclusive effect to confirmation order under Sec. 1327).

Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)

To address these issues, we begin with the bankruptcy case's procedural structure. A

bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; In re American Reserve, 84.0 F.2d 487 (7th Cir.1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008)

Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case — in which a panoply of additional procedures apply. *See* Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus allowing, *inter alia,* all of the 12(b) defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

## G. Conclusion

The Appellant believes that in this case before the District Court acting as an Appellant

Court that the issues are straight forward, in that first the Bankruptcy Court made an error when

it made rulings concerning priority of claim that were not in conformance with Rule 7001 in

that these matters must be determined in an Adversary Proceeding to afford all parties their due

process rights. With this matter alone this court should order that the orders determining the Appellee's priority be vacated and that the Bankruptcy Court is to hold Adversary Proceedings in order to determine the matter of priority.

Finally, there is the matter of the Bankruptcy Court's definition of what is and is not a Domestic Support Obligation. The Bankruptcy Court in his ruling made no mention as to why it had determined that the claim was a domestic support obligation and in the pleadings only Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky), 897 F.2d 743 (C.A.4 1990) is cited by the Appellee (ECF 125 page 3 /Appendix A.60). The aforementioned decision of the Fourth Circuit was clearly pre-BAPCA, and therefore the bankruptcy court was relying on pre-BAPCA appellant court decisions in order to interpret Section 101(14A) which did not even exist prior to BAPCA. Congress in the passing of BAPCA which added section 101(14A) to the code where it had not previously existed before did not include monies owed to attorney though it clearly knew that various circuit courts had ruled that these debtors were Domestic Support Obligation, knowing the prior appellant court decisions. Thus, since Congress clearly decided not to include monies owed to attorneys in its definition, it is clear that the intent of congress was to exclude debts owed to attorneys from the definition and to only provide protection to a debtors family of debts which are not dischargeable in bankruptcy which are in the nature of support.

Therefore, it would be appropriate for this court to inform the lower court of the change in the law and how Congress has rejected the pre-BAPCA rulings concerning Domestic Support Obligation and that the Bankruptcy Court should use the language provided by

15

Congress to determine what is and is not a Domestic Support Obligation along with instructing that the orders being appealed be vacated.


Dated:  January 16, 2013


Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

16

**CERTIFICATE OF SERVICE**

I certify that on January 16, 2013, I served a copy of the Appellant's Brief and Appendix to the following via pre-paid First Class U.S. Mail:

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
410-730-6536
(Attorney for the Appellee)

**Nancy Spencer Grigsby**
4201 Mitchellville Rd. Ste 401
Bowie, MD 20716
(Chapter 13 Trustee)

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

17