IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: MICHAEL ALLAN MCNEIL | * | |
| MICHAEL ALLAN MCNEIL, | * | |
|    Appellant, | * | |
|       v. | * | CIVIL NO.: WDQ-12-3706 |
| V. PETER MARKUSKI, JR., | * | |
|    Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MICHAEL ALLAN MCNEIL, | * | |
|    Appellant, | * | |
|       v. | * | CIVIL NO.: WDQ-12-3819 |
| STEPHEN A. DRAZIN, | * | |
|    Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

Michael Allan McNeil, *pro se*, moves to proceed *in forma pauperis* in these bankruptcy appeals. No. WDQ-12-3706, ECF No. 3; No. WDQ-12-3819, ECF No. 4. He also seeks leave to use the original record under Fed. R. App. P. 24(c) in No. WDQ-12-3819. No. WDQ-12-3819, ECF No. 3.

McNeil seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), which permits persons to litigate suits, including

appeals, "without prepayment of fees or security therefor" if he "is unable to pay such fees or give security therefor." Whether to grant such a motion is within the discretion of this Court. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). In examining a motion to proceed *in forma pauperis*, courts consider factors such as: (1) would the litigant otherwise be barred from the courts because of his impecunity, (2) would imposition of an undue hardship block access to the courts, and (3) would he be "forced to contribute his last dollar, or render himself destitute, to prosecute his claim?"[1]

Although McNeil has significant debt--primarily domestic support obligations--he also has significant income of over $120,000 per year. See No. WDQ-12-3819, ECF Nos. 1-5, 4-2. He claims that he is entitled to proceed *in forma pauperis* because his income is exceeded by his expenses, rendering him destitute. However, McNeil also has a 2006 Honda Civic worth $3,000 and $1316 from Remus Capital.[2] *Id.* ECF No. 4-2. McNeil's substantial income and assets indicate that he has sufficient resources to pay the filing fee, and denial of the motion to

---

[1] *Robinson v. McHugh*, C/A No. 3:12-1146-MBS-SVH, 2010 WL 3780300, at *2 (D. Sc. Aug. 6, 2012) (quoting *Carter v. Telectron*, 452 F. Supp. 939, 943 (S.D. Tex. 1976)).

[2] McNeil also owns a 2000 Honda Odyssey, valued at $5020, and a home, worth $225,000, of which his estranged wife has possession until September 2013. No. WDQ-12-3819, ECF No. 4-2. He also has over $200,000 in a Fidelity account frozen by an order of the Circuit Court for Howard County, Maryland. *Id.*

proceed *in forma pauperis* would not deny him access to the courts or require him to "contribute his last dollar."[3] *See Robinson*, 2010 WL 3780300, at *2. Accordingly, the motions to proceed *in forma pauperis* will be denied.

McNeil also asks that he be granted leave to use the original record from the bankruptcy court under Fed. R. App. P. 24(c) in No. WDQ-12-3819. ECF No. 3. The motion will be denied for several reasons. First, Rule 24(c) requires *in forma pauperis* status, which will be denied. *See supra*. Second, the Federal Rules of Appellate Procedure apply only to the courts of appeal, not this Court. *See* Fed. R. App. P. 1. Finally, the Federal Rules of Bankruptcy Procedure expressly provide for the transmission of the record from the bankruptcy court--contingent upon the designation of the record by the parties, which was done in this case--and do not require an appendix be prepared for the appeal to this Court. *See* Fed. R. Bankr. P. 8006-8007, 8009; *cf. id.* 8009(b) (requiring an appendix be filed for appeals before a bankruptcy appellate panel).

---

[3] When the Court recently denied his motion to proceed *in forma pauperis* in another case, McNeil promptly paid the filing fee. *See McNeil v. Fed. Network Sys, LLC*, No. WDQ-13-1501.

Accordingly, it is this 12th day of June, 2013, ORDERED that:

1. McNeil's motions to proceed *in forma pauperis*, (No. WDQ-12-3706, ECF No. 3; No. WDQ-12-3819, ECF No. 4), BE, and HEREBY ARE, DENIED;

2. McNeil's motion for leave to use the original record (No. WDQ-12-3819, ECF No. 3), BE, AND HEREBY IS, DENIED;

3. McNeil shall pay the filing fees within 30 days of the date of this Order.  Failure to pay may result in the dismissal of the appeals; and

4. The Clerk of the Court shall send copies of this Order to counsel for the parties.

_____
William D. Quarles, Jr.
United States District Judge