IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

IN RE: MICHAEL ALLAN MCNEIL         *

MICHAEL ALLAN MCNEIL,               *

    Appellant,                      *

        v.                          *   CIVIL NO.: WDQ-12-3819

STEPHEN A. DRAZIN,                  *

    Appellee.                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On January 2, 2013, Michael Allan McNeil, *pro se*, filed this appeal from his bankruptcy case, No. 12-18903 (Bankr. D. Md.). On June 12, 2013, the Court denied his motion for leave to proceed *in forma pauperis* because of his substantial income and assets, directed him to pay the filing fee within 30 days, and warned him that the appeal may be dismissed if he failed to pay. ECF No. 7. To date, he has not paid the required fee.

Under Fed. R. Bankr. P. 8001(a), an appeal of a bankruptcy order is taken "by filing a notice of appeal with clerk" that "conform[s] substantially to the appropriate Official Form, (2) contain[s] the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) [is] accompanied by the prescribed fee." "An appellant's failure to take any

step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." *Id.*

Courts are split about whether the failure to pay the filing fee is a jurisdictional defect. *Compare Byrd v. Branigan*, Civ. No. AW-06-0895, 2006 WL 4458702, at *4 (D. Md. Nov. 29, 2006) (concluding from Rule 8001(a) that the fee is mandatory), *with In re Boss Mgmt. Grp., Inc.*, Civ. No. 6:07mc00002, 2007 WL 1959172 at *2 (W.D. Va. July 3, 2007) (analyzing failure to pay filing fee under "appropriate action" authority). If the filing fee is jurisdictional, the appeal must be dismissed.

Even if the fee is not jurisdictional, this appeal is still subject to dismissal. Because "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction,"[1] the Fourth Circuit has given four steps for the District Court to take before dismissal: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider . . . any possible prejudicial effect on the other parties; [and] (4) indicate that it considered the impact

---

[1] *In re SPR Corp.*, 45 F.3d 70, 73 (4th Cir. 1995) (internal quotation marks omitted).

2

of the sanction and available alternatives."[2]

When it denied the motion to proceed in forma pauperis, the Court put McNeil on notice that he was required to pay the filing fee within 30 days or face dismissal. ECF No. 8. His failure to do so--or seek reconsideration or an extension of time--is negligence. Although McNeil's failure to pay the fee does not directly prejudice the appellee, it does prejudice the judicial system which relies, in part, on fees to fund operations. See In re Wilton, No. 05-35222-DOT, 2005 WL 3719627, at *2 (Bankr. E.D. Va. June 16, 2005). Although dismissal of the appeal is a drastic step, there are no reasonable alternative sanctions. This is not a case of late filing when a brief or part of the record could be stricken. Similarly, a sanction of attorneys' fees would not be reasonable because the appellee did not file a brief in this appeal. Under the Serra Builders factors, dismissal is appropriate. The appeal will be dismissed.

7/22/13
Date

William D. Quarles, Jr.
United States District Judge

---

[2] In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). Although Serra Builders originally had "or" in the test, the Fourth Circuit has clarified that the Court should consider all four factors. See In re SPR Corp., 45 F.3d at 74.

3